# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Samuel I. Cox,

        Plaintiff,

v.

Commissioner of Department of Human
Services, Jane Doe/John Doe; Sara Kulas,
Jane/John Doe—Department of Human
Services Mailroom Supervisor; Jane/John
Doe, Mailroom Employee(s); and Phil
Olson, 1C Unit Director, sued in their
individual and official capacities,

        Defendants.

Case No. 24-cv-1683 (JRT/DLM)


**ORDER**

---

    Plaintiff Samuel I. Cox, a client at the Minnesota Sex Offender Treatment Program ("MSOP") in Moose Lake, Minnesota, filed a civil complaint asserting that Defendants violated his constitutional rights by asking him about the source of the money orders he has been receiving in the mail. (Doc. 1.) Mr. Cox did not pay the filing fee. Instead, he applied to proceed *in forma pauperis* ("IFP"). (Doc. 2.) Upon initial review of that IFP application, this Court ordered Mr. Cox to submit a complete and signed IFP application addressing the concerns outlined in the Court's Order, warning him that failure to do so would result in the denial of his IFP application. (Doc. 4.) That deadline has now passed, and Mr. Cox has not responded. Consistent with the Court's warning, this Court now denies Mr. Cox's IFP application.

"'The central question' in determining whether an individual qualifies financially for IFP status 'is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life.'" *Olson v. Ramsey Cty.,* No. 15-cv-3131 (DWF/JSM), 2015 WL 5778478, at *4 (D. Minn. July 31, 2015) (quoting *Ayers v. Tex. Dep't of Crim. Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam)), *R. & R. adopted*, 2015 WL 5778478 (D. Minn. Oct. 1, 2014).

As previously noted, Mr. Cox reports in his IFP application that in the last 12 months he has not received any money from any source. (Doc. 2.) But the core of Mr. Cox's complaint is that Defendants have violated his constitutional rights by asking him on May 1, 2024, about the source of money orders he has been receiving in the mail. (Doc. 1.) This Court cannot find that Mr. Cox has accurately represented that he has not received any income from any source in the last 12 months when his complaint suggests he has very recently received money orders from family. *See Helland v. St. Mary's Duluth Clinic Health System*, Case No. 10-cv-31 (RHK/RLE), 2010 WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010) ("Federal Courts . . . have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members.") (collecting cases). The Court cannot ignore this inconsistency, and Mr. Cox did not take advantage of the Court's offer to resubmit his IFP application to clarify his income.

2

Accordingly, based on the information provided in Mr. Cox's IFP application and the other filings on this case's docket, the Court cannot conclude that Mr. Cox has accurately disclosed his sources of income when he says that he has not received any income from any source within the last 12 months. Thus, this Court cannot conclude that Mr. Cox is truly indigent and does not have the resources to pay the statutory filing fee of $405.00. Mr. Cox's IFP application is therefore denied.

Mr. Cox is nevertheless afforded an opportunity to pay the statutory filing fee of $405.00, and if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant. If Mr. Cox pays the $405 filing fee within 20 days after the date of this Order, the action will be allowed to proceed. If Mr. Cox fails to pay the full amount of the filing fee within the time allowed, he will be deemed to have abandoned this action, and this action will be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## ORDER

Based on the above, and on all of the files, records, and proceedings in this case, **IT IS ORDERD** that:

1. Plaintiff Samuel I. Cox's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**; and
2. Mr. Cox must pay the full filing fee of $405 within 20 days after the date of this Order, and is warned that if he fails to do so, the Court will recommend that this action be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

DATED:  June 20, 2024                    *s/Douglas L. Micko*
                                         DOUGLAS L. MICKO
                                         United States Magistrate Judge

3